UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARCIANO H. PAGE,

       Plaintiff,                               Case No. 24-cv-10074

v.

                                                   HON. MARK A. GOLDSMITH

DONALD L. UPSHAW, et al.,

       Defendants.
_____/

**OPINION & ORDER ACCEPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 39) AND OVERRULING PLAINTIFF'S OBJECTION**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge David R. Grand, issued on May 6, 2025. (Dkt. 44). In the R&R, the Magistrate Judge recommends that the Court grant Defendants Donald L. Upshaw, and the City of Detroit's "Third Precinct Police Department" and "Domestic Violence Unit" (collectively, Defendants), motion for summary judgment (Dkt. 39). On May 16, 2025, Plaintiff Demarciano Page filed a document entitled "response" to the R&R, which the Court liberally construes as an objection. See Obj. (Dkt. 45).

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Additionally, the Eastern District of Michigan Local Rules require that objections "specify the part of the order, proposed findings,

recommendations, or report to which a person objects; and state the basis for the objection." L.R. 72.1(d)(1)(A)-(B).

Page fails to comply with these requirements. Page's response to the R&R is strikingly similar to his response to Defendants' motion for summary judgment. See Resp. to MSJ (Dkt. 41). The objection fails to identify an error in the R&R, nor does he engage with the R&R's analysis at all. See Obj. Instead, he essentially regurgitates his arguments that he unsuccessfully made in response to Defendants' motion. Id. Nor does Page pinpoint the portion of the R&R that he seeks to have the Court consider, which is a requirement he must meet before the Court is obligated to undertake review of the R&R. See Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Page has thus waived de novo review by this Court. See, e.g., Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

Accordingly, the Court will review the R&R for clear error. See Fed. R. Civ. P. 72, 1983 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); but see Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").

On the face of the record, the Court finds no clear error and accepts the recommendation. Defendants' motion for summary judgment is granted. (Dkt. 44). Earlier in this case, the Court dismissed Page's claim against Defendant Regina Castro. See 12/18/24 Op. and Ord. (Dkt. 43). Accordingly, no claims remain and the case is closed.

SO ORDERED.

Dated: July 30, 2025                                                   s/Mark A. Goldsmith
Detroit, Michigan                                                 MARK A. GOLDSMITH
                                                                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2025.

                                                                              s/Joseph Heacox
                                                                              JOSEPH HEACOX
                                                                              Case Manager